IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER W. CASSELL and | : | |
| JANICE CASSELL, h/w, | : | |
| Plaintiffs | : | No. 1:21-cv-00499 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DAVID LITTLE d/b/a | : | |
| PAVEMASTERS, CNH INDUSTRIAL | : | |
| AMERICA LLC d/b/a CASE and | : | |
| CASE CONSTRUCTION, and | : | |
| GROFF TRACTOR & EQUIPMENT LLC, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is Plaintiffs Chester W. Cassell and Janice Cassell ("Plaintiffs")'s motion to remand the above-captioned action to the Dauphin County Court of Common Pleas on the basis that Defendant CNH Industrial America LLC d/b/a Case ("Defendant CNH")'s removal to this Court pursuant to 28 U.S.C. § 1441(b) was improper. (Doc. No. 3.) For the reasons that follow, the Court will grant the motion to remand, but will deny Plaintiffs' request for costs and fees.

## I. BACKGROUND[1]

This personal injury action stems from traumatic injuries suffered by Plaintiff Chester Cassell on October 30, 2019, when his lower right leg was run over by a skid loader being operated by Defendant David Little ("Defendant Little") on a residential property located in Harrisburg, Pennsylvania. (Doc. No. 1 at 11-16.) Plaintiffs' complaint alleges that the skid

---

[1] Unless otherwise stated, all factual allegations are taken from Plaintiffs' complaint. (Doc. No. 1 at 7-29.)

loader at issue was manufactured by Defendant CNH and sold by Defendant Groff Tractor & Equipment LLC ("Defendant Groff") to Defendant Little.  (Id. at 11-13.)

Plaintiffs subsequently initiated this action by filing a complaint in the Dauphin County Court of Common Pleas on March 12, 2021.  (Id. at 7.)  Plaintiffs' complaint alleges a negligence claim against Defendant Little, as well as claims of negligence, strict products liability, and breach of warranty against Defendants CNH and Groff.  (Id. at 16-26.)  In addition, Plaintiff Janice Cassell asserts a loss of consortium claim against all Defendants.  (Id. at 27.) With regard to the citizenship of the parties, Plaintiffs' complaint alleges that they are citizens of Pennsylvania residing at 903 Bower Lane, Harrisburg, Pennsylvania.  (Id. at 11.)  As to the citizenship of Defendants Little, CNH, and Groff, Plaintiffs' complaint alleges that: Defendant Little is a citizen of Pennsylvania residing at 2890 Keystone Way, Newport, Pennsylvania; Defendant Groff is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania; and Defendant CNH is a corporation organized under the laws of a state other than Pennsylvania, with a principal place of business located in the state of Wisconsin.  (Id.)

Defendant CNH filed a notice of removal with this Court on March 19, 2021, before service of Plaintiffs' complaint on any defendants in this matter, pursuant to 28 U.S.C. §§ 1441(b) and 1446, asserting that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  (Doc. No. 1 at 1-2.)  Defendant CNH's notice of removal states that diversity jurisdiction exists "[s]ince Plaintiffs and [Defendant CNH] are citizens of different states and the amount in controversy is in excess of $75,000," and therefore "this Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332."  (Id. at 2.)  Defendant CNH's notice of removal makes no reference to Defendants Little or Groff or their citizenship.  Plaintiffs timely

filed a motion to remand the case to the Dauphin County Court of Common Pleas on April 4, 2021, pursuant to 28 U.S.C. § 1447 (Doc. No. 3), as well as a brief in support (Doc. No. 4). Defendant CNH filed a brief in opposition on April 19, 2021. (Doc. No. 8.) Plaintiffs filed a reply brief on April 23, 2021. (Doc. No. 9.) Having been fully briefed, the motion is now ripe for disposition.[2]

## II.  LEGAL STANDARD

Removal by a defendant is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." See 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c). Moreover, § 1441 is to be strictly construed against removal. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Accordingly, all doubts must be resolved in favor of remand. See id.

When removal is based on diversity of citizenship, the removing party must be able to demonstrate complete diversity of citizenship between parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To establish complete diversity, "no plaintiff can be a citizen of the same state as any of the defendants." See Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). However, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can

---

[2] Subsequent to the briefing on Plaintiffs' motion, on April 27, 2021, Defendant Groff filed an answer to Plaintiffs' complaint with a crossclaim against Defendant CNH (Doc. No. 11), as well as a joinder complaint against third party Defendant FoxBuilt, Inc. (Doc. No. 12). Defendant CNH subsequently filed an answer to Defendant Groff's crossclaim on April 28, 2021. (Doc. No. 13.)

3

establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." See In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). Importantly, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).

## III. DISCUSSION

As noted above, Defendant CNH removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 2.) In connection with its notice of removal, Defendant CNH addresses only the citizenship of Plaintiffs and Defendant CNH, and fails to address the citizenship of Defendant Little and Defendant Groff. (Id.) Plaintiffs' motion to remand maintains that this case must be remanded for lack of subject matter jurisdiction because, in removing this action on the basis of diversity jurisdiction, Defendant CNH "completely fail[s] to acknowledge the existence of the other two named Defendants in this action, [Defendant Groff] and ]Defendant Little], both of whom are Pennsylvania citizens, like Plaintiffs." (Doc. No. 4 at 2.) In opposing the motion, Defendant CNH argues that removal was proper because, at the time of removal, there was complete diversity due to the fact that no Pennsylvania defendants (i.e., Defendants Little and Groff) had been served with the complaint. (Doc. No. 8 at 12-13.)

Defendant CNH's argument is unavailing, because in removing the action to this court, it failed to demonstrate that this Court had original jurisdiction under 28 U.S.C. § 1441(a). Section 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending.

See 28 U.S.C. § 1441(a). Accordingly, Section 1441(a) permits removal only of cases for which the district court has "original jurisdiction." Section 1332 grants jurisdiction to a district court with regard to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." See 28 U.S.C. § 1332(a). The statute requires complete diversity among the parties, which means that no defendant can be a citizen of the same state as any plaintiff. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005)). Section 1441(b)(2) imposes a limitation on removal based on diversity jurisdiction with regard to a forum defendant, stating that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See id. § 1441(b)(2).

Defendant CNH's argument regarding the propriety of its removal of this case mistakenly relies on the Third Circuit's decision in Encompass Ins. Co. v. Stone Mansion Rest., Inc., 902 F.3d 147 (3d Cir. 2018). In that case, the plaintiff, a citizen of Illinois, sued the defendant, a citizen of Pennsylvania, in Pennsylvania state court. See id. at 149. The defendant removed the case to federal court prior to being served with the complaint, a strategy known as "snap removal." See id. at 152. However, unlike the instant case, Encompass involved completely diverse parties and implicated the forum defendant rule, which prevents a defendant that is a citizen of the forum state from removing the case to federal court when removal is based solely on diversity jurisdiction. See 28 U.S.C. § 1441(b)(2). The Third Circuit held in Encompass that the removal was proper because a forum defendant may remove a state court action involving

diverse parties prior to service of the complaint and therefore avoid the forum defendant rule of Section 1441(b)(2). See Encompass, 902 F.3d at 153-54.

However, as noted recently by the district court of the Eastern District of Pennsylvania when faced with a situation similar to the instant case, "Encompass says nothing about disregarding certain defendants to determine whether diversity jurisdiction exists." See Hampton v. Willow Grove Park Mall, No. 2:20-cv-04298-JDW, 2020 WL 6200298, at *3 (E.D. Pa. Oct. 22, 2020). Hampton is in accord with the overwhelming weight of authority on this point from district courts in this Circuit. See Hampton v. Speedway, LLC, et al., No. 20-cv-6279, 2021 WL 1339953, at *2 (E.D. Pa. Apr. 9, 2021) (granting motion to remand where diverse defendant removed diversity jurisdiction case filed originally in state court by Pennsylvania plaintiff despite presence of a non-diverse defendant, finding Encompass inapplicable to such a situation); Dillard v. TD Bank, NA, et al., No. 1:20-cv-07886-NLH-JS, 2021 WL 1085461, at *2 (D.N.J. Mar. 22, 2021) (granting motion for reconsideration of motion denying remand after finding Encompass inapplicable because "it addressed snap removal in the context of completely diverse parties, and therefore did not speak to the propriety of snap removal before a diversity-defeating defendant is served"); Keyser v. Toyota Material Handling Northeast, Inc., et al., No. 1:20-cv-10584, 2020 WL 7481598, at *2 (D.N.J. Dec. 18, 2020) (granting motion for remand in accordance with "the majority of courts that have rejected finding that a snap removal is proper where there is a non-diverse defendant"); Burga v. Unifirst Corp., et al., No. 20-cv-10849 (MCA) (LDW), 2020 WL 8452558, at *2 (D.N.J. Dec. 3, 2020), report and recommendation adopted, 2021 WL 395897 (D.N.J. Feb. 4, 2021) (granting motion to remand where diverse defendant removed case while "ignor[ing] what was apparent on the face of the removal petition: that a non-removing defendant, who had not yet been served with process . . . was not of diverse

citizenship from plaintiff," finding that removing defendant's position "is contrary to long-standing authority that an unserved defendant's citizenship must be considered for diversity purposes"); Stanley v. Lowe's Companies, Inc., et al., No. 19-cv-15436 (MAS) (ZNQ), 2020 WL 1531387, at *4 (granting motion to remand where diverse defendant removed case despite presence of non-diverse defendants, noting that "[t]he forum-defendant rule and snap removal are only relevant, however, where diversity jurisdiction exists"). The only other authority relied on by Defendant CNH in support of its motion is a 2012 footnote order from a judge in the Eastern District of Pennsylvania, which this Court finds unpersuasive.

In the instant case, the face of Plaintiffs' complaint alleges the Pennsylvania citizenship of Defendants Little and Groff, (Doc. No. 1 at 11), and Defendant CNH's notice of removal does not dispute these allegations, but instead ignores them completely. As the removing party, Defendant CNH bears the burden of showing that the action is properly in federal court, and, in the event the complaint fails to allege facts supporting diversity of citizenship, the removing defendant must do so in its notice of removal. See Wells Fargo Bank Nat'l Ass'n As Tr. For Holders of the Merrill Lynch Mortg. Invs. Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCL v. Dey-El, 788 F. App'x 857, 860 (3d Cir. 2019). Under the circumstances present here, the Court finds that Defendant CNH has failed to meet its burden to demonstrate diversity jurisdiction, where the face of Plaintiffs' complaint reveals that the complete diversity requirement of 28 U.S.C. § 1332 is not met in this case, and therefore, this Court lacks subject matter jurisdiction.[3] Accordingly, Plaintiffs' motion to remand must be granted.

---

[3] The Court notes that, following the completion of briefing on the instant motion, Defendant Groff filed an answer to Plaintiffs' complaint wherein Defendant Groff admitted that it is a Pennsylvania corporation. (Doc. No. 11 at ¶ 7.)

Plaintiffs seek expenses, costs and attorneys' fees incurred in connection with their remand motion. 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A decision regarding the award of costs and fees is subject to the discretion of the district court. See id.

Plaintiffs maintain that they are entitled to expenses, costs, and fees incurred in connection with the instant motion for remand "because the removal lacked any objectively reasonable basis as there was no complete diversity of the parties." (Doc. No. 4 at 14.) Plaintiffs assert that their counsel "explained the lack of legal basis and offered Defendant CNH an opportunity to stipulate to remand to avoid the cost and effort of researching and preparing this Motion, which Defendant CNH refused," and therefore, Plaintiffs seek "costs and fees in the amount of $2,400 that were incurred as a direct result of Defendant CNH's improper and frivolous removal." (Id. at 15.) Defendant CNH argues that Plaintiffs' request for costs and fees should be denied because it had an objectively reasonable basis upon which to remove this case, noting that "Plaintiffs cannot point to a precedential opinion indicating that CNH's Notice of Removal was contrary to clear and indisputable law, and given that the Honorable Judge Berle Schiller of the United States District Court for the Eastern District of Pennsylvania has refused to remand a case under the same circumstances presented here, there is absolutely no basis for Plaintiffs' position that CNH's Notice of Removal was so unreasonable as to warrant an award of sanctions." (Doc. No. 8 at 17.)

Upon careful consideration of the record, the parties' arguments, and the applicable law, the Court declines to award costs and fees in connection with its decision to remand this case. In so doing, the Court acknowledges Defendant CNH's articulated basis for removal, and the fact that similar arguments were presented in the district court cases cited above, which arguably provides an objectively reasonable basis for its decision to remove this case. Accordingly, the Court declines to exercise its discretion to award costs and fees in connection with its decision to remand this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion to remand this case to the Dauphin County Court of Common Pleas, but will deny Plaintiffs' request for an award of costs and fees. (Doc. No. 5). An Order consistent with this Memorandum follows.